5-24-1159, Boehm Electrical Contractors v. Edward Rose Development Co., LLC When you are ready, you may proceed and please identify yourself for the record. May it please the Court and Counsel, my name is Rochelle Funderburg. I represent the affluent in this case. We are here on the appeal of a grant of a summary judgment in favor of the defendant against my client and an award of attorney's fees. The standard of review, of course, on a motion for summary judgment is de novo, so the Court does not give deference to the trial court but considers the matter de novo. Essentially, this is a contract with the defendant to provide electrical services for a project. There were some disputes, and ultimately the defendant sent my client a letter in pursuit of Section 13 of their contract that allegedly put them on notice that they were behind and that there were certain things that they had to do in order to bring themselves current. The notice itself was defective. It does not meet the actual requirements of Section 13 of that contract. It requires specificity about what he needed to do. But more importantly, it told my client that he was supposed to furnish plumbing services in Building 17 in the first three quarters by a specified date and then in the second quarter. And why that is important is because my client was never contracted to provide plumbing services, nor did he ever do that. He provided only electrical services. They did pay the client a substantial amount of money, but there was a balance due, which was about $117,000. They refused to allow him to complete the contract, and they ultimately expelled him from the project. In response, then, my client recorded me cancelling and proceeded to file a complaint for foreclosure as well as breach of contract. Ultimately, I filed a motion for summary judgment on the complaint. The other side filed a responsive affidavit. They filed their own motion for summary judgment, which I filed an affidavit, and we proceeded to trial. The issues regarding the actual contract itself was whether my client caused delay, whether they provided proper notice, and whether they properly terminated him from the project. Based upon all of the affidavits and supporting documentations, before the trial court, the trial court decided that my client was not eligible for the contract. It decided that, indeed, the defendant was entitled to summary judgment and then proceeded to an award of attorney's fees, about $40,000. The issue here is whether the trial court properly considered the materials before it. The competing affidavits of Mr. Vincent and my client were diametrically opposed on the issue of whether there was delay. The issue here is whether my client was entitled to summary judgment and whether they provided proper notice. Essentially, Mr. Vincent said he was behind and we told him about all these issues during these construction meetings, and my client's affidavit said, no, I performed under the contract, I was timely, and I didn't get those notices. Once you have that kind of evidence in front of you, you have questions of fact, which defeat the granted. What about the issue raised, counsel, though, that the affidavit of your client was, in fact, conclusory in nature and didn't necessarily raise any significant issues or facts? I think it's not conclusory in terms of a legal issue, because if you think about it, once somebody says you're late, once you say, you know, no, I wasn't late, that creates the question of fact. I was thinking about similar kinds of situations where that might come up. And if you think about your standard traffic case, once I said that they had the right-of-way and the other side says not, and you have an affidavit from one party that says, I had the green light, and the affidavit from the other party says, I had the green light, that's very similar to what we've got here. Mr. Vincent says, you were late, and we gave you proper notice. And my client says, no, I wasn't late, and you didn't give me proper notice. That in and of itself then creates a question of fact. At one point, there wasn't an acknowledgment that there was proper notice? I believe that that was in one of the briefs. There was an acknowledgment by your client that notice was proper? I don't think we said it was proper. I do think we said we got the notice under Section 13. I think what we were saying is we got the notice, but you notified us that we were supposed to be doing plumbing work. That's not proper notice. So I think those are issues. The other thing I will say is that the trial court pretty clearly weighed the evidence and also talked about, or at least by implication, considered credibility. One of the big things he said was, well, your affidavit is just self-serving. That in and of itself basically, by implication, says that he considered that to be not credible. The courts were moving away from this notion of self-serving, although I guess you can argue that every affidavit is self-serving. I mean, you put forward the best evidence that you got, and in this situation, if you're saying I didn't get something, you're not going to have a bunch of documents to support that. You didn't get it. You didn't receive it on time. How would you go about doing that otherwise? I would say that the court did rely on a Fourth District case about this notion of self-serving. That dated back to 1991, but if you look at how the courts are moving now, the Garden case decided in 2019 said, you know, you really cannot use this notion of self-serving to denigrate proper evidence. And obviously, we had proper evidence. There was nothing improper about the fact that he says I was timely, I did the work, and you didn't give me proper notice. So we have that issue. And then, of course, the issue of the defective notice itself, I think if you look at it, it's under their contract. They're the ones that decided here's the process that we wanted to follow, and yet it does not comply with Section 13 of their contract. If you have to think about or get to the issue of was that what they intended and how did my client take it, then, again, you have questions of fact on that issue. So there are many questions of fact. And then we get to the notion of was he properly terminated from the project. He's only properly terminated from the project if the notice was proper and if he failed to respond. And so I think you have a lot of issues of fact there that prevent the motion for summary judgment as well. And finally, we get to this notion of the attorney's fees. There was an attorney's fees clause in the contract, and the court determined after he granted summary judgment against my client in favor of the defendant that a petition for attorney's fees was proper. The burden, of course, for attorney's fees is always on the party that is seeking to get those fees. And the cases are pretty clear that there are eight elements that you have to establish in order to establish your right to attorney's fees. It's the skill and standing of the attorney, nature of the cause, the novelty and difficulty of the questions, the importance of the subject matter, the degree of responsibility of attorneys, the time and labor required, the usual and customary charges, and the benefits to the client. And if you look then at the case law that talks about how you go about establishing that, it's pretty clear that you have to have affidavits that specify at a minimum what the services were, when they were performed, who performed those, the time that was spent, and the hourly rate. The cases also say you cannot simply make these sort of generalizations that you're billing for meetings or conferences or discussions. In this particular case, the court did deny the defendant's request for monetary relief to finish the project and for expectation damages. So then we're left with the affidavit from one of the attorneys, Shikali, and that affidavit is also defective. It cannot support an award for attorney's fees, and here's why. It had a bunch of items that were redacted. It used phrases such as, we conferenced, we met, we discussed. There were no rates, hourly rates, for individual attorneys. Instead, he added all of them together, I guess divided, and ended up with some kind of aggregate rate for the attorneys involved. There was no information about the skill and level of experience of the attorneys. Seven attorneys were involved in the case, but the affidavit contained information about four of them only. There was a hearing on the petition for attorney's fees, though, correct? Yes. Because I reviewed the training transcript. That's correct. And the standard of a review for this court for a review of an award for attorney's fees is abuse of discretion. Correct. Is that correct? Yes, and I would say on this record that that was abuse of discretion because actually if you apply that affidavit to the eight elements that are necessary, it's woefully inadequate. I mean, you cannot, I don't know how anybody awards attorney's fees with redacted items and when you have these aggregate rates. I've never heard of such a thing in terms of an aggregate rate. Frankly, I don't know if it's an aggregate rate for the four or the seven, but it ended up being about $500 an hour. The other thing is when you look at the benefit to the client, they certainly did not get a lot of their relief that they were asking for. So I think once you look at all of those issues, the grant of the attorney's fees was inappropriate. It was an abuse of discretion. And when you add all of these things up, I believe that the case must be reversed and remanded to the trial court. Thank you. Any questions? No questions. Appellee, when you're ready, you may proceed. Please state your name for the record. Thank you, Your Honor. May it please the Court, Will Burns for the Appellee Everett Rose Development Company, LLC. Your Honors, this is a case about an electrical contractor that fell way behind in a job, was given notice that they were late, failed to remedy the situation, and a contract that was properly terminated. The contract expressly allowed termination under these circumstances. That language is in paragraph 13 of the agreement, which is in the record at C236. It states, if in builder's opinion, the builder is here, the defendant, Everett Rose, contractor fails to perform substantially in accordance with this contract, or is responsible for substantial delays and fails within 48 hours of written notice to satisfy all unsatisfactory matters, builder may terminate this contract for all buildings or for any specific buildings. It's not surprising or unfair to have a provision like that. The contractor is there to work with other trades to get these buildings built. If, as in this case, the contractor falls behind, it puts the project at risk, increases costs, and so the Everett Rose retained a right to terminate the agreement if, in its opinion, the contractor was falling behind. Here, the notice was provided, that's C561 of the record in October, noting that the defendant caused substantial delays, noting the need to get work back on track. They gave him a month to do so, and then another month waited and then terminated the agreement. It's what they had to do, and it's what they had the right to do. I want to refer to a second about a point about supposedly the defect of the notice, and there's a reference to a typographical error about plumbing. I do want to point out that the trial court addressed that specific issue in a hearing on a motion to reconsider in this case. That's at supplemental record R37, where he says, the trial court noted, there's all the other undisputed facts about there were meetings about the electrical falling behind, they had talked about the electrical falling behind, noting suddenly then under the belief that the electrical has been converted into plumbing. It seems to me that this is a simple typo that doesn't, I don't believe, create a genuine issue of material fact. And that ruling was completely consistent with the record, where you also note that the notice letter was addressed to this electrical contractor, who was not doing any plumbing work, and referenced to specific contracts that were terminated under that notice provision. So the idea that this reference to plumbing in one line of it somehow allows them to avoid termination, it's simply not sensical, Your Honors. Going back to the question of the ultimate issue on summary judgment, ultimately the court found that there was not really a dispute between affidavits. Rather, there was an affidavit that contained facts. There was the affidavit of Jim Vincent that was submitted by Edward Rose, as opposed to bald conclusions in the affidavit that was submitted by the appellant. The specific facts that were submitted by Edward Rose, and that's at C-229, noted the electrical contractor was undermining the project, failing to supply electrical components in a timely manner, failing to meet job completion schedules, and that these issues were reviewed during monthly meetings with the contractors. That's at paragraphs 9 through 11 of the Vincent Affidavit, and it's supported by ample documentation that's also attached. There was really nothing of substance in response. In fact, when the notice was issued, that's at C-577, not only did the contractor fail to respond, instead what they did is they asserted liens, mechanics liens, on the property, which brings me to the second point as to why summary judgment is proper here. The contracts provide, in paragraph 6 of the agreements, that payment is only appropriate and required after lien waivers are submitted by the contractor. Not only did the contractor not provide those lien waivers, it went the opposite. It asserted liens when it was at the same time demanding payment. You cannot just ignore your contractual obligations to come to court and ask for relief. I do want to talk for a minute about process and standard of review, which is yet another ground for affirming summary judgment here. Here, in the summary judgment briefs, the contractor made no legal or factual argument whatsoever. It was a few sentences that incorporated an affidavit, cited no case law, cited no specific evidence, and pointed out to no specific issues of fact that were raised between the affidavits and to reject summary judgment for Edward Rose. It was only after the court ruled on summary judgment that the arguments that this Court is hearing on appeal were raised on a motion to reconsider, and that's important for a couple of reasons. One, the motion for summary judgment was clearly proper based on the evidence before it. Secondly, the standard of review in this Court on a motion to reconsider is not to no vote. As counsel suggested, it is also abuse of discretion, and therefore what this Court is reviewing is did the trial court abuse its discretion in granting summary judgment on the papers it had before it. The answer is clearly the court did not abuse its discretion. Ultimately, I think that it's a fair, and one other point on the motion to reconsideration, motions to reconsideration are, of course, only proper when there are new facts or the court misapplied the law. Neither of those things was proper here. There were certainly no new facts. All the facts that the court, that the contractor cited in the motion to reconsider were based on things in the summary judgment, materials that were submitted but not argued by the contractor. As to the errors of law, there's no question that the court was correct, that there's ample Illinois law supporting summary judgment in this case. I do want to comment for a moment on the fairness of that abuse of discretion standard of review applying in this circumstance. It's simply unfair to go the other way, to file a three-sentence response to summary judgment, cite no law, cite no evidence, raise it on a second round of briefing and then on appeal after the court and the parties have already spent time, energy, and resources litigating summary judgment. I finally want to turn to abuse of discretion, which is also an attorney's fees, which is also under an abuse of discretion standard. We put in ample evidence supporting the attorney's fees, including an affidavit and individual invoices. The case of Kaiser sort of lays out what the requirements for an attorney's fees petition includes. We met all of those requirements. Can you address the issue of the aggregate nature of the fees? Yes. And so it's actually not the aggregate nature of the fees. It's the aggregate nature of the rates, that the invoices didn't include the individual attorney's rates. If you look at Kaiser, that's actually not a requirement under Illinois law. So the suggestion that the blended rate alone is a reason to reject attorney's fees is found in Illinois law. I looked at it, but help me picture this. You have three attorneys billing an hour at a combined rate. Is that how the bill is? The bill actually includes in the individual attorney's time entry a statement as to what that attorney was doing in the number of hours, and then a total for the month's work, basically, at the bottom of it. And so the blended rate is for all the attorney's work for that month. And how does Kaiser specifically address that, or does it? It does not specifically address that if it does not require it. The quote from Kaiser requires a petition to specify the service performed, by who they were performed, the time expended thereon, and the hourly rate charged therefore. That's the direct quote from Kaiser. Okay. And all of that was included in your position in the invoices?  Absolutely. And just to be clear, the court did carefully consider the attorney's fees issue. It did not award all the attorney's fees being sought. The gross amount was higher, closer to $56,000. It awarded $45,000. And I'm happy to answer any questions, but otherwise, I believe my presentation is concluded. All right. Thank you. Very briefly, the lien waiver issue is really a non-issue at this point. You only get a lien waiver when you're getting paid. And there was an issue of whether or not my client was going to be paid. We provided lien waivers for the bulk of the project, because we got paid about $240,000. But when you've reached a point where there's this dispute about whether or not you are performing on a timely basis. But the amount that your client didn't get paid was the amount of the work that was not completed. Is that correct? No. I think it's for some of the work that was completed. There was at least $40,000 that was to be paid. And that was, you're claiming that there was work that was actually completed that you were not paid for.  Okay. Yes. And really, you don't reach the lien waiver issue while you have all these other issues outstanding in terms of factual disputes. The other thing is there's been this notion of, and I think the court called it a paucity of pleadings or documents. There's no requirement in the code or anywhere else that there be a specific amount contained in any motion for summary judgment. If that were the standard, then I guess we would start counting numbers or pages or weighing things by the pound. And that is not the standard. Finally, the motion for reconsideration was appropriate. The reason is because at least one of the reasons that you can bring forward a motion for reconsideration is if the trial court misapplied the law. It's pretty clear that the court did misapply the law in terms of what it takes to grant and defeat a motion for summary judgment. And so based upon that, we would ask that you reverse and remand it to the trial court. I do have one comment.  You talk about lawyers charging by the pounds. Judging by the length of some of the briefs submitted, I think sometimes we charge by the words. I try to, I mean, part of me wants to say that if you can keep it simple, that's a good thing. It boils down to issues for the court. And so that is essentially what we've done. And the trial court pounded us for it. So again, we ask that you reverse and remand. Thank you, counsel. We will take this matter under advisement and issue a ruling in due course.